ETHEL D. HIBY, Respondent, *v.* PARK LAUNDRY COMPANY OF LONG ISLAND, Appellant, et al., Defendants.

Supreme Court, Appellate Term, Second Department, May 10, 1945.

Ernest J. Pirman for appellant.

Martin Granirer and Frank P. Seitz for respondent.

Per Curiam. Defendant was not an insurer of the return of the goods. If they were stolen, without negligence on the part of the defendant, there was no breach of the contract of bailment. (Claflin et al. v. Meyer, 75 N. Y. 260.) However, on the proof, the court was not bound to find that plaintiff agreed to limited liability for a breach by defendant of the contract. Such agreement could be found if it was established that plaintiff delivered the laundry with knowledge of the terms set forth in defendant's circulars. Defendant, however, could not establish that knowledge by an inference on an inference. It sought to have the court infer that because directions had been given

to put a circular in every package, plaintiff, before this one was delivered, had received a circular and having received it had read it.

The judgment should be unanimously reversed on the law and new trial granted, with $30 costs to defendant-appellant to abide the event. The court erroneously ruled that negligence was not an element in the case because the action was for breach of contract.

MacCrate, Smith and McCooey, JJ., concur.

Judgment reversed, etc.